89 F.3d 830
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynn Duane HEWITT, Defendant-Appellant.
 No. 95-5470.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1996.
Decided July 2, 1996.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CR-94-377-MJG)
 Lynn Duane Hewitt, Appellant Pro Se. Lynne Ann Battaglia, United States Attorney, John Francis Purcell, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lynn Duane Hewitt appeals his convictions for conspiracy to commit mail fraud and to obstruct justice, eight counts of mail fraud, obstruction of justice, and maliciously conveying false information. We affirm.
 
 
 2
 Hewitt's convictions relate to his attempt to fraudulently obtain reward money offered for information leading to the arrest and conviction of the person or persons responsible for sending a mail bomb to a Maryland state judge. The bomb exploded, seriously injuring the judge.
 
 
 3
 Hewitt proceeded pro se at trial. On appeal, we appointed counsel to represent him. However, Hewitt informed this court that he wished to represent himself on appeal, and we granted court-appointed counsel's motion to withdraw from representation. Hewitt filed a docketing statement identifying two issues for appeal. An informal briefing schedule was established in late 1995, but Hewitt never filed a brief, although he stated that he would do so. The United States moved to dismiss the appeal because Hewitt did not file an informal brief; Hewitt did not respond to the motion. The United States again moved to dismiss the appeal; Hewitt did not reply.
 
 
 4
 We therefore are presented with a case in which no briefs have been filed. We shall address only those issues identified by Hewitt in his docketing statement.
 
 
 5
 He first alleges prosecutorial misconduct. However, Hewitt does not elaborate on this allegation. We decline, without more, to comb the extensive record to determine whether the prosecutor committed reversible error. We therefore find this conclusory allegation to be without merit.
 
 
 6
 Hewitt also complains in the docketing statement that the district court failed to give his requested instruction on reasonable doubt. That requested instruction consisted of a demand that the court give the jury the "standard" instruction on a variety of issues which Hewitt listed, including reasonable doubt. "It is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury." United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir.), cert. denied, --- U.S. ----, 64 USLW 3316 (U.S. Oct. 30, 1995) (No. 95-6121). Our review of the record reveals that the jury did not make such a request. The district court's instruction that the jury must find Hewitt guilty beyond a reasonable doubt complied with the law of this circuit. Hewitt's claim that the court should have given his requested, "standard" instruction on reasonable doubt fails.
 
 
 7
 As our review of the record reveals that it would not aid the decisional process, we dispense with oral argument. We deny the motions to dismiss the appeal and affirm the convictions.
 
 
 8
 AFFIRMED.